# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | CASE NO. 18-cv-04999-YGR |
| Plaintiff, | |
| vs. | **ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE** |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.252.199.50,** | |
| Defendant. | Re: Dkt. No. 9 |

Now before the Court is plaintiff Strike 3 Holdings, LLC's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (Dkt. No. 9 ("Motion").) Because defendant John Doe subscriber assigned IP address 73.252.199.50 (herein "Doe defendant") has not been identified or served, no opposition has been filed. Having reviewed plaintiff's motion and all supporting documents, the Court **GRANTS** the motion for the reasons set forth below.

## I.     BACKGROUND

Plaintiff alleges that it is the owner of several "award winning, critically acclaimed adult motion pictures" distributed through its adult brands *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen*. (Complaint for Copyright Infringement ("Compl.") ¶¶ 2, 3, Dkt. No. 1.) The motion pictures are registered with the United States Copyright Office or have complete applications pending. (*Id.* ¶¶ 32, 33.)

On August 15, 2018, plaintiff filed a complaint against Doe defendant, who uses the IP address 73.252.199.50, alleging one claim for copyright infringement under the Copyright Act. (*Id.* ¶¶ 35–40.) Plaintiff alleges that Doe defendant has illegally infringed and distributed 38 of its copyrighted movies over the BitTorrent File Distribution Network for an extended period of time. (*Id.* ¶¶ 4, 24.) Plaintiff describes the BitTorrent network as a "system designed to quickly

distribute large files over the Internet." (*Id.* ¶ 18.)  Plaintiff further alleges that Doe defendant, who "attempted to hide this theft by infringing [p]laintiff's content anonymously," can be identified by his or her Internet Service Provider ("ISP"), Comcast Cable Communications, LLC ("Comcast Cable"), through his or her IP address 73.252.199.50.  (*Id.* ¶ 5.)

On September 21, 2018, plaintiff filed the instant *ex parte* motion asking the Court for leave to serve Comcast Cable with a subpoena under Federal Rule of Civil Procedure 45.  Plaintiff states that the subpoena will be limited to demanding the name and address of the individual(s) associated with Doe defendant's IP address.  (Motion at 2.)

## II.    LEGAL FRAMEWORK

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery.  *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 18CV232 GPC (BGS), 2018 WL 2329726, at *2 (S.D. Cal. May 22, 2018); *Strike 3 Holdings, LLC v. Doe*, 18cv47-WQH (RBB), 2018 WL 1427002, at *2 (S.D. Cal. Mar. 22, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 17-CV-07051-LB, 2018 WL 357287, at *2 (N.D. Cal. Jan. 10, 2018); *Io Grp., Inc. v. Does 1-65*, No. 10-4377 SC, 2010 WL 4055667, at *1 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity such that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process.  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999).  "'[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the

plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (some modifications in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

## III. DISCUSSION

### A. Whether Plaintiff Establishes Good Cause for Early Discovery

The Court addresses the four *seescandy.com* factors in turn.

#### 1. Identification of Doe Defendant with Sufficient Specificity

First, plaintiff has the burden to identify Doe defendant with enough specificity to establish that Doe defendant is a real person subject to the Court's jurisdiction. "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91*, No. 12cv000186 MMA(RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012).

Plaintiff has provided a declaration stating that it retained IPP International UG ("IPP"), a company that "monitors the BitTorrent file distribution network for the presence of copyrighted works" and uses software to "identif[y] Internet Protocol ('IP') addresses that are being used by infringers to distribute copyrighted works within the BitTorrent File Distribution Network" to compile data relating to the IP address at issue. (Declaration of Tobias Fieser ISO Plaintiff's *Ex Parte* Application ("Fieser Decl.") ¶ 5, Dkt. No. 9-1 at ECF pp. 10–12.) IPP determined that Doe defendant's IP address, 73.252.199.50, distributed multiple pieces of plaintiff's copyrighted movies (listed in Compl. Exh. A, Dkt. No. 1-1) and that the address "is associated with significant long term BitTorrent use." (Fieser Decl. ¶ 12.) The movie pieces were recorded in a "packet capture" ("PCAP"), a forensically sound interface for recording network traffic that records the time which correlates to assignment logs maintained by ISPs in the United States to track which IP address is assigned to which customer at any given time. (*Id*. ¶ 8.) Mr. Fieser explains that digital files can be identified by their "Cryptographic Hash Value[s]" and that IPP was able to determine

United States District Court
Northern District of California

that the files being distributed by Doe defendant's IP address "have a unique identifier of the Cryptographic Hash outlined on Exhibit A [to plaintiff's complaint]." (*Id*. ¶ 10.)

Plaintiff also retained Philip Pasquale, a tech advisor with 7 River Systems, LLC, a "Maryland based cyber security firm specializing in network security, data breaches, and the protection of secured information transmitted across networks." (Declaration of Philip Pasquale ISO Plaintiff's *Ex Parte* Application ("Pasquale Decl.") ¶ 3, Dkt. No. 9-1 at ECF pp. 14–16.) Mr. Pasquale was retained to "analyze and retain forensic evidence captured by [IPP]." (*Id*. ¶ 6.) He used a program named Wireshark to view the contents of the PCAP provided by IPP and confirmed that IPP recorded a transaction with IP address 73.252.199.50 on July 10, 2018 at 7:38 a.m. UTC. (*Id*. ¶¶ 8, 9.) Mr. Pasquale notes that based on his experience, "[Doe] [d]efendant's ISP Comcast Cable is the only entity that can correlate the IP address to its subscriber and identify [Doe] [d]efendant as the person assigned the IP address 73.252.199.50 during the time of the alleged infringement." (*Id*. ¶ 10.)

In its complaint, plaintiff further explains that it used "IP address geolocation by Maxmind Inc. ('Maxmind'), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that [Doe] [d]efendant's IP address traced to a physical address in this District." (Compl. ¶ 9.)

Because plaintiff has provided the Court with the unique IP address and the dates and times of connection, the name of the ISP that provided Internet access for the user of the identified IP address, and used geolocation technology, the Court finds that plaintiff has made a satisfactory showing that Doe defendant is a real person behind the alleged infringing conduct who would be subject to suit in federal court.

### 2. *Previous Steps Taken to Locate and Identify Doe Defendant*

To obtain leave to take early discovery, plaintiff is also required to describe the steps taken to locate and identify Doe defendant. Plaintiff searched for Doe defendant's IP address using "various web search tools" and reviewed numerous sources such as "legislative reports, agency websites, informational technology guides, governing case law, etc." (Motion at 10.) Plaintiff also retained an investigator to identify the IP address of BitTorrent users who were allegedly

4

reproducing plaintiff's copyrighted material. (*See generally* Fieser Decl.; *see also generally*

Pasquale Decl.) Although plaintiff's investigator obtained Doe defendant's IP address, "Comcast

Cable is the only entity that can correlate the IP address to its subscriber and identify [Doe]

[d]efendant as the person assigned the IP address 73.252.199.50." (Pasquale Decl. ¶ 10.) The

Court therefore finds that plaintiff has made a good faith effort to locate and identify Doe

defendant.

### 3. *Ability to Withstand a Motion to Dismiss*

Plaintiff must also show that its copyright claim could withstand a motion to dismiss. A

plaintiff "'must satisfy two requirements to present a prima facie case of direct infringement: (1)

[he or she] must show ownership of the allegedly infringed material and (2) [he or she] must

demonstrate that the alleged infringers violate at least one exclusive right granted to copyright

holders under 17 U.S.C. § 106.'" *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th

Cir. 2007) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)); *see*

*also* 17 U.S.C. § 501(a). Under Section 106, a copyright holder has the exclusive rights to

reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted

work. Direct copyright infringement does not require intent or any particular state of mind. *Fox*

*Broad. Co. Inc. v. Dish Network, LLC*, 905 F. Supp. 2d 1088, 1098–99 (C.D. Cal. 2012); *Religious*

*Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1367 (N.D. Cal. 1995).

Plaintiff alleges that it holds the copyrights for the adult motion pictures that Doe

defendant downloaded (and thus copied) and distributed without plaintiff's permission. (Compl.

¶¶ 36–38.) Accordingly, plaintiff has sufficiently alleged a prima facia claim for direct copyright

infringement and could withstand a motion to dismiss.

### 4. *Whether Requested Discovery Will Lead to Identifying Information*

Finally, plaintiff is required to demonstrate that the discovery it seeks is reasonably likely

to lead to identifying information that will permit service of process on Doe defendant. As

explained above, plaintiff's investigation has revealed a unique IP address. Because the only

entity able to correlate the IP address to a specific individual is Comcast Cable, the requested Rule

45 subpoena would lead to information making physical service of process possible.

### B. Protective Order

"[U]nder Rule 26(c), the Court may sua sponte grant a protective order for good cause shown." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The court issues the limited protective order described below because "the ISP subscriber may be an innocent third party, and the subject matter of the suit deals with sensitive and personal matters." *Strike 3 Holdings*, 2018 WL 357287, at *3.

Here, as has been discussed by other courts in this district, the ISP subscriber may not be the individual who infringed upon plaintiff's copyright. *See, e.g., id.* at *3; *Pac. Century Int'l Ltd. v. Does 1-101*, No. C-11-02533 (DMR), 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011) ("[I]n some cases the Subscriber and the Doe Defendant [will] *most likely not [be] the same individual*.") (internal quotation marks omitted) (alterations and emphasis in original); *IO Grp., Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (granting the plaintiff additional time to identify and serve the true defendant where a subscriber asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to so infringe).

Additionally, requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *See Does 1 Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "An allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature, including one's sexuality." *Strike 3 Holdings*, 2018 WL 357287, at *3.

Accordingly, the Court **ISSUES** a protective order to the limited extent that any information regarding Doe defendant released to plaintiff by Comcast Cable will be treated as confidential for a limited duration. *See, e.g., IO Grp., Inc. v. Does 1-19*, No. C 10-03851 SI, 2010 WL 5071605, at *2 (N.D. Cal. Dec. 7, 2010); *see also, e.g., Strike 3 Holdings*, 2018 WL 357287, at *3. Specifically, plaintiff must not disclose publicly that information until Doe defendant has the opportunity to file a motion with this Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. If Doe defendant fails to file a motion for leave to proceed anonymously within **30 days** after his or her information is disclosed to

plaintiff's counsel, this limited protective order will expire. Given the "potential embarrassment associated with being publicly accused of having illegally downloaded adult motion pictures," *Strike 3 Holdings*, 2018 WL 357287, at *3, if Doe defendant includes identifying information within his or her request to proceed anonymously, the Court finds good cause to order the papers filed under seal until it has the opportunity to rule on the request. *See IO Grp.*, 2010 WL 5071605, at *3 (permitting party to file under seal a declaration with identifying information). If Doe defendant includes identifying information with his or her request to proceed anonymously and the request is placed under seal, the Court will direct Doe defendant to submit a copy of the under-seal request to plaintiff and will ensure that plaintiff has time to respond.

**IV. CONCLUSION**

In light of the foregoing, the Court **GRANTS** plaintiff's *ex parte* motion. It is hereby **ORDERED** that:

1. Plaintiff may serve a subpoena pursuant to Rule 45 on Comcast Cable that seeks only the true name and address of Doe defendant. The subpoena must have a copy of this Order attached.

2. Comcast Cable will have **30 days** from the date of service upon it to serve Doe defendant with a copy of the subpoena and a copy of this Order. Comcast Cable may serve Doe defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. Doe defendant will have **30 days** from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with this Court. If that 30-day period lapses without Doe defendant contesting the subpoena, Comcast Cable will have **10 days** to produce the information responsive to the subpoena to plaintiff.

4. Any subpoenaed information must be preserved pending the resolution of any timely-filed motion to quash.

5. Comcast Cable must confer with plaintiff and may not assess any charge in advance of providing the information requested in the subpoena. Should Comcast Cable elect to charge for the costs of production, it must provide plaintiff (i) a billing summary and (ii) cost reports that

serve as a basis for such billing summary and any costs claimed by Comcast Cable.

6. Plaintiff must serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities.

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

This Order terminates Docket Number 9.

**IT IS SO ORDERED.**

Dated: September 27, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**